IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE A. JOHNSON, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:08-CV-1810-L (BH) |
| ) | ECF |
| U.S. ARMY, et al., ) | Referred to U.S. Magistrate Judge |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On October 10, 2008, Plaintiff filed this action against the U.S. Army ("Army") and the Internal Revenue Service ("IRS") based on the Army's submission of a W-2 form to the IRS that erroneously reported income, which caused the IRS to attempt to collect taxes from Plaintiff on that income. (*See* Compl. at 1; Answers to Questions 1 and 3 of Magistrate Judge's Questionnaire ("MJQ").[1]) Plaintiff asserts no federal statutory or constitutional basis for this suit Nevertheless, he clearly asserts a negligence claim against the Army for erroneously reporting income to the IRS. (*See* Compl. at 1; Answer to Question 1 of MJQ.) The precise nature of his claim against the IRS is less certain. (*See* Compl. at 1; Answer to Question 3 of MJQ.)

Prior to filing this action in federal court, Plaintiff attempted to resolve his dispute with defendants by calling them, hiring a lawyer who did nothing, and soliciting assistance from a local

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

television station.  (*See* Answers to Questions 2 and 5 of MJQ.)  Through media scrutiny and assistance from the television station and a local law firm, Plaintiff was able to halt an imposed levy and garnishment, lift a tax lien, and obtain a corrected W-2 form.  (*See id.*)  He now seeks monetary damages.  (Compl. at 1.)  The Court has granted Plaintiff permission to proceed *in forma pauperis* in this action.  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The federal courts, furthermore, have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  They have a duty to raise jurisdictional questions *sua sponte*, *see Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003), and may do so at any time, *see Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999).  In fact, Fed. R. Civ. P. 12(h)(3) requires the dismissal of an action if the Court determines that it lacks jurisdiction over the subject matter.

## III. CLAIM AGAINST THE ARMY

Plaintiff claims that the Army acted negligently when it erroneously reported income to the IRS through an incorrect W-2 form. (*See* Compl. at 1; Answer to Question 1 of MJQ.)

Although Plaintiff identifies no basis for this suit against the Army, a negligence claim against a federal actor arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. *See* 28 U.S.C. §§ 1346(b)(1), 2675(a). "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 835 (2008). However, to successfully sue under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). More importantly, for jurisdictional purposes Plaintiff must exhaust his administrative remedies under the FTCA before filing suit. *See McNeil v. Unites States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Section 2675(a) of Title 28 of the United States Code provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

3

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, Plaintiff has not alleged that he has exhausted administrative remedies in compliance with § 2675(a), and his answers to Questions 2 and 5 of the MJQ show that he has not done so. Consequently, the Court does not have jurisdiction over Plaintiff's negligence claim against the Army, and the claim should be dismissed unless he shows that he has properly exhausted his administrative remedies or that he should be excused from this requirement. *See Miller v. Stanmore*, 636 F.2d 986, 991 (5th Cir. 1981). The ten-day period to object to this recommendation provides an adequate opportunity to make such showing.

## IV. CLAIMS AGAINST THE IRS

The basis for Plaintiff's claims against the IRS is not clear. (*See* Compl. at 1; Answer to Question 3 of MJQ.) Although his allegations suggest that he asserts a claim against the IRS under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, for its efforts to collect taxes, he denies asserting such claim.[2] (*See* Compl. at 1; Answer to Question 3 of MJQ.) He summarizes his claim against the IRS as follows:

---

[2] Because the IRS does not appear to qualify as a debt collector within the meaning of the FDCPA, *see* 15 U.S.C. § 1692a(6)(C) (defining "debt collector as a "person" and specifically excluding "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties"), any claim by Plaintiff under the FDCPA against the IRS appears to lack merit. In addition, even if the IRS qualifies as a debt collector within the meaning of the FDCPA, it appears that the Court would lack jurisdiction over a claim under the FDCPA because Plaintiff did not file this action within one year of commencement of the IRS collection efforts. *See* 15 U.S.C. § 1692k(d). In light of Plaintiff's explicit denial as to asserting an FDCPA claim, the Court need not definitively decide these matters.

4

> This was a typo and gave me the biggest paycheck in military history. Almost 100,000 more than the President of the United States. The IRS understood it was a mistake and Gary Polk said he did not care if it was a mistake he is going to get the IRS's money. The IRS garnished paychecks and [levied] my bank acct. They also tried to take my dads (we have same name). Even though the IRS could see it was a typo they still took money from me. The IRS has been doing 100% wage garnishments and placed a lien on me. The IRS has completely destroyed my life and put me into the VA hospital for depression & attempted suicide.

(Answer to Question 3 of MJQ.) The collection efforts began in 2004. (Answer to Question 4 of MJQ.)

Because the Court construes *pro se* pleadings liberally, *see, e.g., Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court considers whether Plaintiff's allegations should be liberally construed as stating a claim under the FTCA; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); and pertinent provisions under Title 26 of the United States Code that permit judicial proceedings by taxpayers.

**A. Federal Tort Claims Act**

As discussed, the FTCA sets out a comprehensive statutory framework for waiving the government's sovereign immunity for tort claims asserted against federal employees. *See* 28 U.S.C. §§ 1346(b)(1), 2671-2680. The United States is the only proper defendant for a FTCA claim. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). Moreover, the FTCA contains numerous exceptions to its waiver of sovereign immunity, including § 2680(c), which excepts from the waiver "[a]ny claim arising in respect of the assessment or collection of any tax." *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 835 (2008). Section 2680(c) unambiguously "applies to *all* tax-related claims." *Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 307 (5th Cir. 1985). Its language

"is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties." *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981).

Because Plaintiff's claim against the IRS arises from the collection of taxes, he has no valid basis for an FTCA claim against the IRS.

## B. *Bivens*

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court which is brought pursuant to 28 U.S.C. § 1331. *Bivens*, however, provides no basis for an action against the IRS. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (unanimously declining to extend *Bivens* to permit suit against a federal agency); *Moore v. U.S. Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995) (recognizing the failure to extend *Bivens* to permit actions against federal agencies). Furthermore, no *Bivens* remedy is available because "[t]he Taxpayer Bill of Rights, 26 U.S.C. § 7433, serves as an adequate and effective remedy for taxpayers seeking redress for abusive tax collection practices." *Connor v. Matthews*, 134 F. Supp. 2d 797, 802 (N.D. Tex. 2001). For these reasons, Plaintiff's complaint asserts no basis for relief under *Bivens*.

## C. Judicial Proceedings for Taxpayers

Section 1346(a)(1) of Title 28 of the United States Code provides federal jurisdiction over certain federal tax matters.[3] The Internal Revenue Code, Title 26 of the United States Code,

---

[3] Section 1346(a) provides in pertinent part:
> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal claims, of:
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or

6

contains several provisions that permit a taxpayer or third party to assert claims in a civil action. The two that appear most pertinent to Plaintiff's factual allegations are §§ 7422 (civil action for refund) and 7433 (action for wrongful collection).[4]

### 1. *Civil Action for Refund*

Section 7422 provides for an action for recovery of tax allegedly erroneously or illegally assessed or collected. Section 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The timely filing of a refund claim is "a jurisdictional prerequisite to bringing suit." *Comm'r Internal Revenue v. Lundy*, 516 U.S. 235, 240 (1996); *accord Gustin v. U.S. IRS*, 876 F.2d 485, 488 (5th Cir. 1989).

In this instance, Plaintiff's complaint, as amended by his answers to the MJQ, may be liberally construed to assert a claim for a tax refund under § 7422. However, his factual allegations do not show that he has made any claim for refund or credit with the IRS. (*See* Compl. at 1; Answer to Question 5 of MJQ.) He has thus not carried his burden to show that the Court has jurisdiction

---

> any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

[4] Although § 7426(a)(1) provides a cause of action for wrongful levy, it specifically permits such an action only by persons "other than the person against whom is assessed the tax out of which such levy arose." Based on Plaintiff's allegations, he has no claim for wrongful levy because he is the allegedly aggrieved taxpayer.

7

over any claim asserted under § 7422, and any such claim should be dismissed.

### 2. *Civil Action for Wrongful Collection*

An aggrieved taxpayer may sue for damages for alleged collection abuses. *See* 26 U.S.C. § 7433. Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Section 7433(b) provides for an award of damages for liability found under § 7433(a). However, no damages shall "be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). In addition, an action under § 7433(a) must be brought "within 2 years after the date the right of action accrues." *Id.* § 7433(d)(3). Sections 7433(d)(1) and (3) are jurisdictional prerequisites to filing suit under § 7433. *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636-37 (5th Cir. 2003) (addressing § 7433(d)(3)); *Lapaglia v. Richardson*, 68 F.3d 466, 1995 WL 581559, at *1 ((5th Cir. Aug. 24, 1995) (addressing § 7433(d)(1)); *Glass v. United States*, No. 3:00-CV-1543-L, 2002 WL 1461924, at *4-5 (N.D. Tex. July 2, 2002) (addressing both provisions).

Plaintiff's complaint, as amended by his answers to the MJQ, could also be liberally construed to assert a claim for alleged collection abuses under § 7433. However, his factual allegations do not show that he has exhausted any administrative remedies available within the IRS. (*See* Compl. at 1; Answer to Question 5 of MJQ.) He has thus not carried his burden to show that the Court has

8

jurisdiction over any claim asserted under § 7433, and any such claim should be dismissed.[5]

## V. APPLICABILITY OF *JONES V. BOCK*

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court rejected heightened pleading standards employed in actions subject to the Prison Litigation Reform Act ("PLRA") to facilitate judicial screening of complaints for failure to exhaust administrative remedies and concluded that failure to exhaust was an affirmative defense under the PLRA which inmates were not required to specially plead. *Id.* at 920-21. The Fifth Circuit subsequently held that the district courts cannot sidestep the holding in *Bock* by resolving the question of exhaustion in a *Spears* hearing[6] or by promulgating a local rule to require "prisoners to affirmatively plead exhaustion." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Although the prohibition set forth in *Carbe* logically applies to the issuance of a magistrate judge's questionnaire as used in this case, *Bock* itself has no application in the current context. First, Plaintiff is not a prisoner, and his action does not arise under the PLRA. Second, unlike the exhaustion issue in PLRA actions, exhaustion in the current context is not an affirmative defense which the Army or the IRS must establish. It is instead a jurisdictional prerequisite which Plaintiff must establish. Under Fed. R. Civ. P. 12(h)(3), the Court has a duty to raise jurisdictional questions *sua sponte* when circumstances suggest a jurisdictional problem. A federal court's inherent power to manage its docket includes consideration of the sufficiency of a complaint on its own initiative and dismissing the complaint when appropriate. *See Melgarejo v. 24 Hour Professional Janitorial Servs.*,

---

[5] There is also a question as to whether Plaintiff has timely presented a claim under § 7433. The Court need not reach this additional jurisdictional issue because Plaintiff has shown no exhaustion of administrative remedies.

[6] For more than two decades, courts in the Fifth Circuit have used hearings conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to flesh out complaints filed by *pro se* litigants.

9

*LP*, No. 3:07-CV-1847-B, 2008 WL 958203, at *4 (N.D. Tex. Apr. 8, 2008); *Baney v. Mukasey*, No. 3:06-CV-2064-L, 2008 WL 706917, at *4 (N.D. Tex. Mar. 14, 2008) (accepting recommendation of Mag. J.). This includes examining a jurisdictional prerequisite such as exhaustion of administrative remedies. *Melgarejo*, 2008 WL 958203, at *4.

Consistent with *Stanmore*, a court may dismiss a complaint *sua sponte* under its inherent power only after giving the plaintiff notice of the intent to dismiss and an opportunity to respond to the reason for dismissal. *Id.* (citing 636 F.2d at 991). This recommendation provides the requisite notice, and the ten-day period for objecting to the recommendation provides an adequate opportunity to respond.

## VI. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** Plaintiff's complaint without prejudice for lack of subject matter jurisdiction unless he shows that he has satisfied or is excused from satisfying the jurisdictional requirements of the Federal Tort Claims Act and 26 U.S.C. §§ 7422 and 7433 or states some other valid basis for federal jurisdiction.

**SIGNED this 24th day of October, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

<br>

                  */s/ Irma Carrillo Ramirez*
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE